UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

EXPRESS GOLD CASH, INC.

                Plaintiff,

        vs.                            Case No.: 1:22-cv-00352-LJV

C.J. ENVIRONMENTAL, INC. d/b/a CASH
FORGOLDUSA.COM, EMMA JOHNSON, INC.
d/b/a WEALTHYSINGLEMOMMY.COM, STEER
DIGITAL LTD., DANIEL BROWN, and ADAM
TOUTAIN,

                Defendants.

---

### C.J. ENVIRONMENTAL INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING REMOVED ADVERTISING

Edward P. Hourihan, Esq.
Jessica L. Copeland, Esq.
Kevin G. Cope, Esq.
BOND, SCHOENECK & KING, PLLC
The Avant Building - Suite 900
200 Delaware Avenue
Buffalo, NY 14202-2107
Telephone:  (716) 416-7000
ehourihan@bsk.com
jcopeland@bsk.com
kcope@bsk.com

*Counsel for C.J. Environmental, Inc.*

C.J. Environmental, Inc. ("CJE") submits this memorandum of law in support of its Motion in Limine to Preclude Evidence Regarding Removed Advertising requesting an Order precluding Plaintiff Express Gold Cash, Inc. ("EGC") from introducing any evidence at the preliminary injunction hearing regarding advertisements or statements Defendants voluntarily removed from their websites, including the genesis of that advertising, along with such other and further relief the Court deems necessary.

## PRELIMINARY STATEMENT

During a conference with the Court on October 5, following the Court's indication that removed advertisings were no longer the subject of EGC's preliminary injunction motion[1], EGC expressed its intention to introduce evidence relating to the removed advertisements and the circumstances surrounding their creation for the purpose of establishing CJE's bad faith.  EGC further stated this intention in correspondence dated October 5 (Dkt. 76) and in the witness list it filed on October 7 (Dkt. 82.)  CJE opposes the introduction of clearly irrelevant evidence and testimony regarding the generation of the removed advertisings now that their existence has been mooted for purposes of the preliminary injunction hearing.

## BACKGROUND

EGC initiated this action by filing its Complaint in the United States District Court for the Western District of New York on May 12, 2022.  (Dkt. 1.)  Plaintiff's Complaint contains six causes of action: (1) False Advertising under the Lanham Act; (2) Violation of New York General Business Law § 349; (3) Violation of Massachusetts General Law 93A § 11; (4) Violation of New York General Business Law § 350; (5) Unfair Competition;

---

[1]  This position was solidified when CJE and Emma Johnson, Inc. ("Emma Johnson") agreed that any advertisings they removed would not return to their websites during the pendency of the case and offered to sign a stipulation to that effect.

and (6) Unjust Enrichment.  Immediately after filing its Complaint, EGC filed a motion for preliminary injunction and temporary restraining order ("TRO"), pursuant to its Lanham Act claim, seeking to enjoin CJE and Emma Johnson from continuing to use certain advertisements and/or statements on their websites.  (Dkt. 3-1, 4.)  Specifically, EGC sought to enjoin the following conduct as to CJE: (1) stating CJE pays more than its competitors (up to "3X More"); (2) use of "Fox News" or "Fox Business News" as it relates to a Fox 5 news segment; (3) use of a paid-to-date counter; (4) use of an interactive gold calculator; (5) use of an embedded video clip of a Fox 5 news segment without identifying the broadcast date.  (Dkt. 3-1.)  As to Emma Johnson, EGC seeks to enjoin its use of a "secret shopper" style "experiment" as well as republication of CJE's advertisements/statements noted above.  (Dkt. 3-1.)

CJE and Emma Johnson submitted their opposition to EGC's motion for a preliminary injunction and TRO on June 8, 2022.  (Dkt. 34, 35.)  EGC did not file a reply brief.  (*See generally* Dkt.)  CJE and Emma Johnson subsequently moved to dismiss EGC's Complaint on June 24, 2022.  (Dkt. 37, 38.)  On June 27, 2022, the Court denied EGC's motion for a TRO and reserved decision on EGC's motion for a preliminary injunction pending an evidentiary hearing on October 18, 2020.  (Dkt. 41.)  Defendants' motions to dismiss have since been fully briefed.  (Dkt. 50, 63, 64.)

By correspondence dated September 30, 2022, CJE advised the Court, through counsel, that it had removed or corrected several advertisements and/or statements rendering large portions of EGC's motion for a preliminary injunction moot.  (Dkt. 74.)  Specifically, CJE removed the paid-to-date counter from its website and removed references to "Fox News" and/or "Fox Business News."  (Dkt. 74.)  Emma Johnson removed reference to the comparison shopper experiment from its website.  (Dkt. 74.)

The removed advertisements and/or statements will be collectively referred to as the "Removed Statements."

In response, EGC made clear it will continue to dwell upon the Removed Statements despite the fact that the Removed Statements have no continuing effect on EGC's purported loss of market share.  EGC seeks to introduce evidence of the creation of the Removed Statements based on the speculative argument that they were created in bad faith.  EGC wrongly contends that if EGC establishes bad faith it may be allowed relief not sought in its initial notice of motion, up to and including removal of CashForGoldUSA.com from the Internet altogether—a preposterous proposal that would put CJE out of the online gold buying business for the pendency of the case based on EGC's argument that there is some existential threat that EGC could go out of business if CJE is allowed to continue to operate.

## **ARGUMENT**

"The purpose of an in limine motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmeri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (citation omitted).  "Motions in limine, when granted, operate to exclude inadmissible or prejudicial evidence before it is actually offered at trial," which "aids the trial process by narrowing evidentiary issues and decreasing trial interruptions."  *Gainer v. United Auto. Aerospace Agricultural Implement Workers (UAW) Region 9*, 08-cv-501S, 2019 WL 4385751, at *1 (W.D.N.Y. September 13, 2019).

Only relevant evidence is admissible, but not all relevant evidence is admissible. Fed. R. Evid. 402 and 403.  Fed. R. Evid. 401 states that evidence is relevant if "it has a

tendency to make a fact more or less probable than it would be without the evidence."

Where the purpose for which evidence is offered is moot, that evidence is not relevant.

*See Olutosin v. Gunsett*, 14-cv-685 (NSR), 2019 WL 5616889 at * 14 (S.D.N.Y. Oct. 31,

2019).  Relevant evidence can be precluded where its probative value is substantially

outweighed by a danger of unfair prejudice or confusion.  Fed. R. Evid. 403.  "Evidence

is considered prejudicial if it involves some adverse effect . . . beyond tending to prove

the fact or issue that justified its admission into evidence."  *Hart v. RCI Hosp. Holdings,*

*Inc.*, 90 F. Supp. 3d 250, 257 (S.D.N.Y. 2015).  "[T]he Court has 'broad discretion to

balance probative value against possible prejudice' under Rule 403."  *United States v.*

*Malka*, __ F. Supp. 3d __, 2022 WL 1488568 (S.D.N.Y. May 11, 2022) (quoting *United*

*States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008)).

"Evidence of a crime, wrong or other act is not admissible to prove a person's

character, in order to show that on a particular occasion the person acted in accordance

with the character."  Fed. R. Evid. 404(b)(1).  Where the sole purpose for introducing

evidence is to demonstrate bad faith or wrongdoing to call into question a party's

character, it should be precluded.  *United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir.

1996).

**I.      The Removed Statements Do Not Pose a Risk of Continuing Harm.**

In a motion for a preliminary injunction, the Second Circuit has stated "[t]he

showing of irreparable harm is perhaps the single most important prerequisite."  *Strong*

*v. Zucker*, 582 F. Supp. 3d 65, 69 (W.D.N.Y. 2022) (*citing Kamerling v. Massanari*, 295

F.3d 206, 214 (2d Cir. 2002)).  To establish irreparable harm, EGC must "show that there

is a *continuing* harm which cannot be adequately redressed by final relief on the merits

and for which money damages cannot provide adequate compensation." *Id.*, at 70 (emphasis added).

EGC has indicated it will seek to introduce evidence relating to the Removed Statements at the preliminary injunction hearing despite the fact such advertisements and/or statements have been removed from the Internet. (Dkt. 76.) However, EGC cannot establish the Removed Statements relate to a *continuing* harm so as to demonstrate irreparable harm supporting a preliminary injunction. This is particularly so given the fact that CJE and Emma Johnson represented to the Court that the Removed Statements would not return to the Internet while the case was pending—essentially handing EGC the relief it initially sought. Therefore, such evidence is utterly irrelevant to the preliminary injunction hearing and should be precluded.

To the extent EGC contends the Court needs to view the statements EGC seeks to enjoin "in their totality," such contentions make little sense as the Removed Statements are no longer part of the "totality" before the Court considering they are not being currently issued amongst the other statements EGC challenges. Rather, the presentation of such evidence could only prejudice CJE and Emma Johnson by conflating past and current statements as a purportedly continuing harm to EGC and requiring CJE and Emma Johnson to defend against statements that have already been removed from their websites. There is nothing left for the Court to decide with respect to the Removed Statements, and the facts surrounding them are not relevant to the Court's determination on a forward-looking preliminary injunction motion.

II.    **The Issue of Bad Faith is Not a Basis to Introduce the Removed Statements or the Genesis of those Statements.**

Grasping at straws, and making arguments not raised in their initial motion papers, EGC argues that supposed bad faith behind the Removed Statements is evidence that the remaining advertising is the product of bad faith, and that the issue of bad faith should be central to the preliminary injunction hearing.  In support of its argument, a recent EGC letter cites *TCPIP Holding Co., Inc.*, 244 F.3d 88, 100 (2d Cir. 2001) and *N. American Olive Oil Ass'n v. Kangadis Food Inc.*, 962 F. Supp. 2d 514, 516 (S.D.N.Y. 2013).  Neither case supports the introduction of evidence surrounding the creation of the Removed Statements.

EGC argues that *TCPIP Holding Co., Inc.*'s finding that proof of "bad faith allows a court to presume confusion and warrant more significant relief" (Dkt. 76, p. 2) creates a basis to enjoin separate advertising elements unrelated to the Removed Statements on a theory that a single rotten apple spoils the whole barrel.  *TCPIP Holding Co.* does not support this argument.  The case involved trademark infringement, where bad faith is an element.  *TCPIP Holding Co.*, 244 F.3d at 100.  On the question of whether one mark is similar enough to another to create confusion, evidence of bad faith by the party creating the complained of mark tips the scales against the party found to have created an infringing mark for the primary purpose of exacting payment from the owner of the infringed upon mark.  *Id.* at 102-03.  The question in *TCPIP Holding Co.* was whether defendant Haar, who registered www.TheChildrensPlace.com and then offered the domain and several similar domains for sale to plaintiff created the domain in a bad faith effort to extract payment from retailer The Children's Place's.  *Id.* at 103.  The instant case does not involve trademark infringement, nor does it involve CJE's effort to extract

-6-

payment from EGC in exchange for the removal of allegedly misleading advertisings. *TCPIP Holding* has no bearing and is not a basis to permit testimony regarding the Removed Statements.

Plaintiff's prior citation to *N. American Olive Oil Ass'n v. Kangadis Food Inc.* only further demonstrates the irrelevance of the Removed Statements. In *Kangadis Food*, the plaintiff sought to enjoin the defendant from selling olive oil it marketed as "100% Pure Olive Oil" when, in fact, such olive oil contained Pomace, making such claims false. 962 F. Supp. 2d 514, 516 (S.D.N.Y. 2013). In response, the defendant represented all tins of olive oil it distributed after March 1, 2013 did not contain Pomace and instead contained 100% refined olive oil, making the claim true. *Id.* The defendant, however, did not dispute or disprove that tins manufactured prior to March 1, 2013 remained on the market. *Id.* at 522. Based on this record, the court declined to enjoin the defendant from selling olive oil manufactured after March 1, 2013 as "100% Pure Olive Oil" but directed the defendant to "provide reasonable notice to potential customers" with respect to those tins manufactured prior to March 1, 2013. *Id.* at 524. In other words, the threat of continued sales of the offending product are what spawned the necessity of the preliminary injunction order and, once corrected, no preliminary injunction was necessary.

Here, CJE and Emma Johnson have removed several purportedly offending advertisements and/or statements from their websites, rending claims for a preliminary injunction as to such advertisements and/or statements moot. The Court cannot direct CJE or Emma Johnson to take down such advertisements and/or statements because they have already been removed. And CJE and Emma Johnson have agreed to keep the Removed Statements off of their websites until the Court resolves this action. Accordingly, there is no threat that CJE or Emma Johnson will put the Removed

Statements back on their websites until this action has been finally resolved. The Removed Statements have no bearing on the preliminary injunction motion before the Court, are utterly irrelevant to any issues before the Court. Copies of the advertisings and testimony about them, or their creation, should be precluded at the preliminary injunction hearing.

The issue of "bad faith" is not before the Court, and the introduction of evidence meant to demonstrate "bad faith" is not relevant. Even if it were relevant, the evidence would only serve to confuse issues and unfairly prejudice CJE which took ameliorative steps to give EGC the relief it requested with respect to the Removed Statements. Furthermore, EGC's sole purpose in introducing evidence of CJE's purported bad faith with respect to the now moot Removed Statements is to demonstrate CJE's character and propensity to act with bad faith with respect to the remaining disputed advertising elements. That proffered purpose violates Fed. R. Evid. 404(b)(1).

## **CONCLUSION**

For the reasons stated above, this Court should grant CJE's Motion in Limine and enter an Order precluding Plaintiff Express Gold Cash, Inc. from introducing any evidence at the preliminary injunction hearing regarding advertisements or statements Defendants have voluntarily removed from their websites, or the creation of those Removed Statements, along with such other and further relief the Court deems necessary.

Dated: October 11, 2022                    BOND, SCHOENECK & KING, PLLC


By: _*/s/ Edward P. Hourihan, Jr.*_____
     Edward P. Hourihan, Jr., Esq.
350 Linden Oaks, Third Floor
Rochester, New York 14625
(585) 362-4700
ehourihan@bsk.com

Jessica L. Copeland, Esq.
Kevin G. Cope, Esq.
Avant Building, Suite 900
200 Delaware Avenue
Buffalo, New York  14202
(716) 416-7000
jcopeland@bsk.com
kcope@bsk.com

*Attorneys for C.J. Environmental, Inc.*